**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────────

**UNITED STATES OF AMERICA,**

      - against -                        **08 Cr. 578 (JGK)**

**GUADALUPE DE LA ROSA,**              **MEMORANDUM OPINION AND**
                                                    **ORDER**
              **Defendant.**

────────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The pro se defendant moves pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in his sentence in light of Amendment 782 to the United States Sentencing Guidelines, which generally reduced the offense levels for controlled substance offenses by two levels.

    On December 22, 2009, the Court sentenced the defendant principally to 228 months' imprisonment based on one Count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846.  The Court concluded that the defendant's offense level was 35, his Criminal History Category was VI, and the defendant's Guidelines Range was 292 months to 365 months.  Even if the defendant is entitled to a two-level reduction in offense level, which is not clear in this

case,[1] the defendant's new offense level would be 33, which, at Criminal History Category VI, results in an amended Guidelines Range of 235 to 293 months.  Therefore, because the defendant's principal sentence is below the amended Guidelines Range, he is not entitled to a reduction of his sentence.  See U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range."); Dillon v. United States, 560 U.S. 817, 827 (2010); see also United States v. Karkenny, No. 06cr143, 2015 WL 161616, at *1 (S.D.N.Y. Jan. 13, 2015).

In his reply papers, the defendant requests the appointment of counsel for assistance in this motion.  There is no constitutional or statutory right to counsel for a motion for a reduction of sentence pursuant to § 3582(c)(2).  See Coleman

---

[1] The Court found that the defendant was a career offender under § 4B1.1 of the Sentencing Guidelines.  Amendment 782 only reduced offense levels for drug offenders under § 2D1.1, rather than career offenders sentenced under § 4B1.1.  See United States v. Thomas, 775 F.3d 982, 983 (8th Cir. 2014); cf. United States v. Martinez, 572 F.3d 82, 85 (2d Cir. 2009) (holding that "crack cocaine amendments," which also reduced the offense levels for certain drug offenses, did not affect defendant who was sentenced as a career offender pursuant to § 4B1.1).  However, in this case the Court sentenced the defendant pursuant to the offense level under § 2D1.1 because it was greater than the § 4B1.1 offense level.  See U.S.S.G. § 4B1.1 (stating that the offense levels only apply if they are "greater than the offense level otherwise applicable").  Because the Court imposed a sentence that is below the amended Guidelines Range, it is unnecessary to decide whether the defendant's status as a career offender would also preclude him from a reduction in his sentence below the level provided in § 4B1.1.  See U.S. v. Stevenson, 749 F.3d 667, 670 (7th Cir. 2014) (holding that where career-offender defendant is sentenced at a higher offense level, his sentence cannot be reduced below the career-offender level).

v. Thompson, 501 U.S. 722, 755-57 (1991) (discussing extension of criminal defendant's constitutional right to counsel only to the first appeal as of right); United States v. Reddick, 53 F.3d 462, 464-65 (2d Cir. 1995) (holding that there is no statutory right to counsel for a sentence reduction motion under the Criminal Justice Act).  Therefore, whether to appoint counsel in this case is subject to the Court's discretion.  Reddick, 53 F.3d 462, 465.  Because the defendant is ineligible for a sentence reduction, there is no basis to conclude that counsel would be of assistance to the defendant.  See id. at 465 n.2 (noting that the merits of the motion will be a "significant factor in the exercise of [the trial court's] discretion").

Accordingly the defendant's motion for a reduction of his sentence and request for appointment of counsel are **denied.**

The Court also notes that in February 2012, the defendant filed a motion requesting "relief under [the] fast-track program," which does not appear to have been resolved.  See Order Dated March 9, 2012 (ECF No. 104).  The Government submitted a response and there is no indication that this Court issued a decision.  The motion is plainly without merit and is denied.

It is unclear what the statutory basis for the motion is.  If the motion were made under 28 U.S.C. § 2255, the motion would be untimely.  In an opinion dated October 1, 2010, the Court of

Appeals for the Second Circuit affirmed this Court's judgment in this case and dismissed the defendant's appeal of his term of supervised release.[2]  The defendant's judgment of conviction became final on or about January 1, 2011, when his time for filing a petition for certiorari to the Supreme Court expired, 90 days after the Court of Appeals entered judgment.  See Clay v. United States, 537 U.S. 522, 525 (2003).  Because the defendant made his motion in February 2012, more than one year after the conviction became final, it is untimely under § 2255(f)(1).  There is no indication that any of the other provisions of § 2255(f) apply.  Accordingly, the defendant's motion is time-barred.

In any event, the defendant is not entitled to the relief that he sought.  The Fast-Track program, or "Early Disposition Program," as it is titled in Section 5K3.1 of the Sentencing Guidelines, permits a court to depart four levels downward in sentencing upon motion of the Government if the defendant meets certain qualifications.  See United States v. Mejia, 461 F.3d 158, 160 (2d Cir. 2006).  The program was originally available only in districts along the southwest border of the United States, but has since expanded to other districts throughout the country.  Id.  The Southern District of New York adopted the

---

[2] The Court of Appeals had previously dismissed the defendant's appeal from his term of imprisonment because he waived the right to appeal his term of imprisonment in his plea agreement.  See United States v. De La Rosa, No. 09-5303-cr (2d Cir. June 28, 2010) (Order granting motion to dismiss).

program in March 2012, and the program is only available for defendants charged solely with illegal reentry under 8 U.S.C. § 1326. See United States v. An Soon Kim, No. 11cr0074, 2013 WL 2480245, at *2 (S.D.N.Y. June 10, 2013). Relief under this program is not available to the defendant because there was no motion by the government in this case, the defendant was sentenced over two years before this district adopted the program, and the defendant was charged with conspiracy to distribute and possess with intent to distribute cocaine, rather than illegal reentry.

In light of the foregoing, the defendant's motions for relief pursuant to the Fast-Track program and for a reduction of his sentence are **denied. The Clerk is directed to close Docket Nos. 106 and 119.**


**SO ORDERED.**

**Dated:** New York, New York
**June 4, 2015**              _____/s/_____
                              **John G. Koeltl**
                              **United States District Judge**